UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:  DORIS KING                              Case No. 13-14829 RAM
                                                Chapter 13
Debtor(s)            /

### ATTORNEY'S RESPONSE TO DEBTOR'S MOTION FOR FEES

The Attorney files this Response to the Debtor's Motion for Fees (DE#58) and Notice of Filing (DE#61), and states as grounds, the following:

### PROCEDURAL HISTORY

1. The Debtor had previously motioned this Court to sanction me regarding the procedural history of the case.

2. This Court issued an Order on May 28, 2014 requiring me to return the surplus monies then being held in my trust account in the approximate amount of $18,000, and return to the Debtor the bankruptcy fee of $1500.

3. I performed both of these functions, issuing the Debtor a check in the amount of $15,885, with an accounting.

4. The gross surplus from the State Court Registry was $18,970. I added the $1500 bankruptcy payment for a total of $20,470. I then deducted fees for representation in State Court in retrieving the original $18,970 totaling $4585.

5. The Debtor had also filed a complaint with the Florida Bar.

6. The Florida Bar issued a Final Report that I had not violated any Florida Rules for attorney discipline. Please see attached Exhibit.

7. As soon as the letter of Final Report was received, the Debtor doubled her efforts again in this Court in order to continue to harass and embarrass me.

## POSITION OF ATTORNEY

I have fully complied with the Order from May 28, 2014. I even went further than the order required and furnished to the Debtor the necessary forms to obtain her check from the Bankruptcy Clerk, as well as informing the Debtor that if she needed any of the pleadings in the State Case I would be happy to mail them to her. I had not heard anything from the Debtor on these issues.

I have followed the Order and have not deviated from it, except to provide Ms. King with more information than required from the Order. If Ms. King feels that the fees charged for legal representation in a state case are excessive, then Ms. King should motion the state court for any grievances she may have for the representation, or the fees charged. The Bankruptcy Court is not the proper forum to raise grievances and accusations for a state court case.  Pursuant to 28 U.S.C. §1334, this Court lacks the necessary jurisdiction to proceed with such grievances, as those grievances are not core issues, and are not arising under Title 11.

My account held at Wells Fargo was closed in September. I closed the account because I started to do title work, and the fees at Wells Fargo for domestic wires and on line wire initiation analysis charges were much greater than PNC.  At the time of the account closing, I transferred the monies into PNC. I was not aware that Ms. King's check still had not been cashed, four months after tender.

While it is not customary for this Court to grant telephonic hearings of Miami Dade attorneys, I am requesting a telephonic hearing for Thursday, October 16, 2014. I am having a site audit visit from the title underwriter at the same time as this hearing is scheduled. Please see attached Notice.

In regards to the $2366 that Ms. King is stating that is missing from the Court Registry, she is absolutely correct. The state court returned $18,970 to me, and the gross amount should have been approximately $21,336. As this Court will recall from the hearing on May 22, 2014, Ms. King did not wish me to continue to represent her in the state court

action. As such, I could not verify the amounts with the State Court Clerk as to the discrepancy.

WHEREFORE, the Attorney requests this Court to (i) dismiss these Motions; (ii) inform Ms. King that this Court does not have the jurisdictional powers to decide state court actions; (iii) ask Ms. King not to continue filing harassing and embarrassing motions against attorney Markhoff in this Bankruptcy Court.

Dated: October 12, 2014

                                                       Respectfully Submitted,

                                                       LAW OFFICE OF YONI MARKHOFF, P.A.
                                                       1108 Kane Concourse, Suite 206
                                                       Bay Harbor Island, FL 33154
                                                       Tel: (786) 463-4436
                                                       Fax: (786) 364-1219
                                                       bknotice@markhoffpa.com
                                                       yoni@markhoffpa.com

                                                       By: /s/ Jonathan Yoni Markhoff
                                                               Jonathan Yoni Markhoff, Esq.
                                                               Florida Bar 86116

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all parties on the attached service list via CM/ECF, U.S. Mail, electronic mail, and/or facsimile on October 12, 2014.

/s/ Jonathan Yoni Markhoff
Jonathan Yoni Markhoff

**Service List ECF**

**Service Via Email**

**Service Via US Mail**

Doris King

50 NE 93 St

Miami, FL 33138



October 12, 2014

Law Office of Yoni Markhoff, P.A.
1108 Kane Concourse, Suite 206
Bay Harbor Island, FL

Via Email:

Dear Attorney Markhoff:

The Fund continues to join forces with Old Republic to ensure that attorneys benefit from The Fund's Mission and have a title insurer who does not compete with them.  In order to protect our members and the joint venture, The Fund's audit plan contemplates that all active Fund members will be audited in one of several forms at least annually.

Our quality assurance reviews are designed to be educational and helpful.  We appreciate that our members want to make every effort to comply with all of the Florida Bar rules, Florida Statutes, Federal Laws, and Fund and Old Republic requirements that apply to their practices.  Our auditor will assist in pointing out things you are doing well, as well as changes you may need to make in order to avoid causing claims or violating any of these requirements.

Your office has been scheduled for a quality assurance review on **October 16th, 2014** beginning at **10:30a.m**.  We look forward to working with you and your staff and will make every effort to avoid disrupting your normal business activity as the review is conducted.

A quality assurance review generally includes an audit of all real estate trust/escrow accounts and an underwriting review of selected closing transaction files.  Effective July 1, 2012, Florida law requires attorneys serving as title or real estate settlement agents to maintain a separate trust account for funds received in connection with such transactions.  **To facilitate a timely review, please forward your most recent trust/escrow account reconciliation a minimum of 10 business days prior to the date of the review** to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

In addition, the auditor will need the following records available for review and/or collection on the day of the review:

1. Trust reconciliations for **ALL** real estate trust/escrow accounts for the most recent twelve months or the length of time you have been performing real estate closings if less than twelve months.  This includes all wire and recording accounts.  Please include **original** bank statements and supporting documentation (outstanding deposits list, outstanding checks list, check registers and trial balance reports).

2. Any bank statements/online banking activity reports since your most recent reconciliation.

3.  Employee list noting who is authorized to sign policies, sign escrow account checks, authorize wire transfers and who performs the reconciliation. **Please include the former names of any employees listed who have changed names while employed with you.**

4.  Any outstanding policies and premium due Old Republic on policies issued through ATFS and/or Attorneys' Title Insurance Fund, Inc. If policies are not yet issued, please attach the policy calculation worksheet and commitment to the remittance.

5.  Payment for all premium invoices billed on your statement and payment of all remaining invoices that have been outstanding on your statement for more than 90 days.

Please note that during the review, the auditor will need cancelled checks for the last three month reconciliations, any files shown with a negative trial balance or outstanding deposit and the most recent real estate closing files. If the files are scanned, please print the disbursement register, HUD statement, contract, commitment, policy and lender's closing instructions for each file. The auditor may need additional information once these items have been reviewed as well as the ability to make photocopies of select items for their work paper file.

Once scheduled, it is important that the review not be cancelled or any restrictions placed on the auditor's ability to access any of the information above. If the scheduled date is not available, or if you have any questions, please feel free to contact ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

Yours very truly,

▬▬▬▬▬▬▬▬
Senior Auditor
Attorneys' Title Fund Services, LLC.

# THE FLORIDA BAR

JOHN F. HARKNESS, JR.
EXECUTIVE DIRECTOR

651 EAST JEFFERSON STREET
TALLAHASSEE, FL 32399-2300

850/561/5600
WWW.FLORIDABAR.ORG

September 17, 2014

Ms. Doris King
1001 NW 90th Street
Miami, FL 33150

Re:   Complaint by Doris King against Jonathan Ari Markhoff
      The Florida Bar File No. 2014-70,881 (11L)

Dear Ms. King:

All correspondence and documents submitted in this matter have been carefully reviewed. You alleged that Mr. Markoff failed to effectively represent you regarding a bankruptcy case and a related foreclosure matter. He has responded to the issues you raised. While I understand you are unhappy with the representation you received the information provided does not establish by clear and convincing evidence that Mr. Markoff violated any of the Rules Regulating The Florida Bar.

There is insufficient evidence from the materials provided that Mr. Markhoff has violated any of the rules adopted by the Supreme Court of Florida which govern attorney discipline. Accordingly, continued disciplinary proceedings in this matter are inappropriate and our file has been closed. Pursuant to the Bar's records retention schedule, the computer record and file will be disposed of one year from the date of closing.

Sincerely,

Annemarie Craft, Bar Counsel
Attorney Consumer Assistance Program
ACAP Hotline 866-352-0707

cc:   Mr. Jonathan Ari Markhoff



**ORDERED in the Southern District of Florida on May 27, 2014.**

**Robert A. Mark, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| In re: | CASE NO.  13-14829-BKC-RAM |
|  | CHAPTER   13 |
| DORIS KING, |  |
|      Debtor. |  |

**ORDER ON MOTION FOR SANCTIONS**

The Court conducted a hearing on May 22, 2014, on the Debtor's Motion for Sanctions Against Debtor's Attorney ("Motion for Sanctions") [DE# 46]. After review of the record, including the Motion for Sanctions and the Response to Debtor's Motion for Sanctions filed by Debtor's counsel, Jonathan Yoni Markhoff, Esq. [DE# 50], after consideration of the arguments and statements by the Debtor and Mr. Markhoff at the hearing, and

for the reasons stated on the record, which are incorporated here by reference, it is –

**ORDERED** as follows:

1. By separate Order, the Court is directing the Clerk to refund to the Debtor $2,510.68 on deposit in the Court Registry.

2. Attorney Markhoff shall refund the $1,500 fee paid to him by the Debtor and shall also send the Debtor the approximate sum of $18,000 which Mr. Markhoff recovered from the excess sale proceeds paid by the purchaser at the foreclosure sale of the Debtor's property (the "Foreclosure Sale").

3. Mr. Markhoff is relieved of any further obligation to pursue the approximate sum of $22,000 representing insurance proceeds to which the Debtor may be entitled. However, Mr. Markhoff shall fully cooperate with the Debtor, or any new counsel she retains, in the Debtor's efforts to recover the insurance monies. This shall include providing copies of emails or other correspondence and copies of court papers, if any, regarding the insurance proceeds.

4. Debtor's original counsel, Andrew M. Bellinson, Esq., shall also cooperate with the Debtor or Debtor's new counsel, in providing documents or information he has about the Debtor's case for the period of time that he was representing the Debtor.

5.   This Order is without prejudice to the Debtor pursuing further relief against Mr. Markhoff in a non-bankruptcy forum.

###

COPIES TO:

Doris King
1001 N.W. 90th Street
Miami, FL  33150

Andrew M. Bellinson, Esq.
10800 Biscayne Blvd # 925
Miami, FL 33161
Nancy K. Herkert, Trustee

Clerk – Financial

Jonathan Y. Markhoff, Esq.